UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60187-CR-ZLOCH

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DONALD LINCKS,

        Defendant.
_____/

**ORDER**

This matter is before the Court upon Defendant Donald Lincks's Motion for Return of Property [D.E. 21]. The Court has reviewed Defendant's Motion, the Government's Response [D.E. 25], and the file in this matter. Additionally, the Court held a hearing on Defendant's Motion on July 27, 2009. For the reasons discussed below, the Court granted in part Defendant's Motion, directing the Government to return Defendant's car to him by no later than 5:00 p.m. on August 7, 2009.

***I. Background***

Defendant Donald Lincks and his son Kevin Lincks are charged by way of indictment with forcibly assaulting and interfering with a United States Postal Service mail carrier while the mail carrier was engaged in the performance of his official duties, and thereby inflicting bodily injury upon the mail carrier, in violation of 18 U.S.C. §§111(a)(1) and 2. More specifically, the affidavit supporting the Complaint filed in this matter alleges that on June 26, 2009, J.I., a United States Postal Service mail carrier, was delivering mail in Fort Lauderdale during his regular course of employment. D.E. 1 at 2. According to the Complaint, while J.I. was delivering the mail, Defendant

Lincks and his son approached J.I. in the Mercedes Kompressor that is the subject of the pending Motion. *See id.* and D.E. 21. Kevin Lincks asked J.I. for the mail for a specific address. D.E. 1 at 2. Because J.I. did not recognize either Defendant, he declined to provide the mail and instead advised Defendants that he would be at that address in a few minutes. *Id.* Defendants then followed J.I. in the Mercedes while the carrier continued to make his deliveries on foot. *Id.*

The Complaint further relates that when J.I. arrived at the address previously specified by Defendant Kevin Lincks, J.I. attempted to deliver the mail to the mailbox at that property. D.E. 1 at 2. Defendants approached J.I. on the porch of the residence and requested the mail for that address. *Id.* J.I. informed Defendants that he would deliver the mail to the mailbox, and they could retrieve the mail from the box. *Id.* Based on the Complaint, Defendant Kevin Lincks then grabbed the mail from J.I.'s hand, and a struggle for the mail ensued. *Id.* During the course of the struggle, the Complaint asserts, Defendant Kevin Lincks began punching J.I. in the face. *Id.* As a result, J.I. sustained a laceration above his right eye and bled profusely, the Complaint alleges. *Id.*

According to the Complaint, Defendants thereafter began walking back to the car, when Defendant Kevin Lincks turned around and again approached J.I. D.E. 1 at 2. J.I. picked up a piece of coral stone and threw it at Defendant Kevin Lincks. *Id.* Although the stone did not hit either Defendant, it did strike the car. *Id.*

J.I. fled on foot, and Defendants chased him, based on the Complaint. D.E. 1 at 3. The Complaint further avers that Defendant Donald Lincks threw a piece of coral stone at J.I. as they were running, and it hit him in the upper torso area. *Id.* A bus driving by the scene stopped to assist J.I., and Defendants ran away, getting into the subject car and fleeing the area, the Complaint asserts. *Id.*

Defendant Donald Lincks was arrested on July 2, 2009, and his car, a Mercedes-Benz 320 CLK, was seized at that time. D.E. 21 at 1. It is currently in the possession of the United States Postal Inspection Service. *Id.* at 2. Because the United States declined to return the car to Defendant Donald Lincks, Defendant Donald Lincks filed his pending Motion under Rule 41(g), Fed. R. Crim. P. *See id.*

The Government opposes Defendant Donald Lincks's Motion because the Government argues that it needs to retain the car for its evidentiary value until this case is resolved. *See* D.E. 25 at 5. According to the Government, it requires the vehicle for both identification purposes and demonstrative reasons. With regard to identification, the Government argues that it needs the car so that it can compare paint samples from the vehicle with paint found on the coral stone that hit the car involved in the incident. A match would place Defendant Donald Lincks's car at the scene of the alleged crime. The Government contends that simply taking a paint chip from the car will not suffice because its experts have advised that follow-up testing may be required. Additionally, the Government reports, it has no way of knowing when the Government lab, which processes materials from other cases as well, will have the time to conduct the required tests on the paint chips in this case.

Second, the Government asserts that the Government may need to show the car to purported eye witnesses to see whether they can identify the vehicle as the one involved in the assault. Although the Government prefers that the witnesses have the opportunity to see the actual car, the Government concedes that it could accomplish the same purpose by showing the witnesses photographs of the car and the damaged parts of it.

Third, the Government seeks to retain custody of the vehicle in case it wishes to show the

car to the jury in this case.  As with the witnesses, however, the Government acknowledges that it can provide the jury with photographs of the car, including the damaged portion of it, to fulfill this purpose.

## *II.  Analysis*

The Court begins the analysis with a review of the pertinent aspects of Rule 41(g), Fed. R. Crim. P., which governs return of seized property.  That rule provides, in relevant part, "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Fed. R. Crim. P. 41(g).

The Government directs the Court to *United States v. Howell*, 425 F.3d 971 (11th Cir. 2005), in arguing that Defendant Donald Lincks is not entitled to return of his car until the case is resolved. In *Howell*, a convicted felon found in possession of firearms sought return of the guns after he pled guilty to drug charges.  Howell contended that because the Government had not sought forfeiture of the weapons and the prosecution had concluded, the Government no longer needed the firearms and must return them to Howell.  Noting that Rule 41(e) (Rule 41(g)'s predecessor) "'compels a district court to afford an opportunity to [aggrieved persons] . . . to demonstrate that they are lawfully entitled to the challenged property,'" *id.* at 976 (quoting *United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000)), the Eleventh Circuit observed that as a convicted felon, Howell could not lawfully possess a firearm.  *Id.*  Consequently, the district court could properly conclude that he was not entitled to the return of the seized weapons.

The instant matter, however, is factually distinguishable.  While Howell could not have possessed the firearms legally, the record demonstrates that Defendant Donald Lincks was in lawful possession of his car at the time that it was seized.  Moreover, unlike the prohibition on Howell to

possess firearms after his prosecution, other than the Government's asserted evidentiary need to retain the vehicle, no legal impediment exists to Defendant Donald Lincks's possession of the car at this time. For these reasons, the Court finds *Howell* not to be determinative of the outcome in this case.

Instead, keeping in mind that the Government does not seek forfeiture of the vehicle here, but rather asserts that it is entitled to hold onto the car only for its evidentiary value, the Court turns to the Advisory Committee Notes accompanying the 1989 amendments to what is now Rule 41(g). In those Notes, the Advisory Committee explained,

> If the United States has a need for the property in an investigation or prosecution, its retention fo the property generally is reasonable. But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable.

Fed. R. Civ. P. 41(g), Advisory Committee Notes to 1989 Amendments of Rule 41(e). A criminal defendant is "presumed to have the right to the return of his property once it is no longer needed as evidence." *United States v. Dean*, 100 F.3d 19, 20 (5th Cir. 1996); *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993). Indeed, "[e]ven prior to trial, the government's decision to hold an item might not be reasonably related to the needs of investigation or trial." *United States v. Premises Known as 608 Taylor Ave.,* 584 F.2d 1297, 1303 (4th Cir. 1978). In determining whether the Government's need for the evidence continues to exist, courts look to the Government, which bears the burden of proof in demonstrating a legitimate reason why it continues to require possession of the seized property. *See United States v. Ogbonna*, 34 Fed. Appx. (5th Cir. 2005) (citing Fed. R. Civ. P. 41(g), Advisory Committee Notes); *see also Mills*, *supra*.

Here, the Government argues that it needs to retain the car so that it may conduct testing of

the paint and show the vehicle to witnesses and the jury. The Government has acknowledged, however, that photographs will suffice to accomplish the latter two goals. As for the first reason for holding the car – to test the paint – the Court notes that the Government has been in possession of the car since July 2, 2009. As of the July 27, 2009, hearing, more than three weeks had elapsed since the Government seized the car. Moreover, the Government has presented no evidence demonstrating that taking paint samples from the vehicle – even multiple samples – requires a complex procedure or extended possession of the car.

While the Court can appreciate the Government's articulated need for the car and the testing of it, here, where the Government does not seek forfeiture of the Mercedes, the Government has conceded that Defendant is entitled to the return of the car at some time. The only question is when. At some point, however, the Government must fish or cut bait. In this case the Government has provided no evidence demonstrating that it cannot quickly perform the desired tests on the vehicle's paint, and it is not immediately obvious to the Court that the Government should not be able to perform these tests expeditiously. Nevertheless, the Court wishes to provide the Government with an adequate period of time in which to conduct all required tests. Consequently, the Court directs the Government to complete all tests it desires on the car prior to 5:00 p.m. on August 7, 2009, by which time the Government must return Defendant Donald Lincks's car to him. This allows the Government a total period of more than five weeks to test paint chips yet prevents the Government's seizure from becoming "unreasonable."

### *III.  Conclusion*

For the foregoing reasons, the Court grants in part Defendant Donald Lincks's Motion for Return of Property [D.E. 21]. In the absence of forfeiture proceedings, the Government must return

Defendant Donald Lincks's car to him by no later than 5:00 p.m. on August 7, 2009. Should the Government complete its need for the vehicle before that time, it shall immediately return the car to Defendant Donald Lincks when its need for the car ends.

**DONE AND ORDERED** this 29th day of July, 2009.

_____
ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc: Hon. William J. Zloch
    Counsel of Record