UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60187-CR-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff.

v.

DONALD LINCKS,

    Defendant.

_____/

**ORDER**

This matter came before the Court upon Defendant Donald Lincks's Motion to Proceed as Co-Counsel With Public Defender Chantel Doakes or as Pro Se [D.E. 45], upon reference to me by the Honorable William J. Zloch [D.E. 47]. On September 2, 2009, the Court held a hearing regarding Defendant's Motion.

During the hearing, Defendant Lincks expressed his desire to defend this case *pro se*. Consequently, the Court conducted an inquiry pursuant to *Faretta v. California*, 422 U.S. 806 (1975), and its progeny, *see, e.g., Stano v. Dugger*, 921 F.2d 1125, 1143-44 (11th Cir. 1991). In the course of the hearing, the Court explained the many significant risks inherent in proceeding *pro se* and without the benefit of competent counsel, as well as the fact that if the Court were to grant Defendant's request to proceed *pro se*, Defendant would be acting as his own attorney, not as co-counsel with any stand-by counsel that the Court might appoint. The Court further advised Defendant that if the Court appointed stand-by counsel, that attorney would not represent Defendant. Additionally, the Court inquired of Defendant to ensure that he understood the crime with which he

is charged, as well as the maximum penalties that could be imposed upon him, should he be found guilty.

The Court observed Defendant Lincks to be an intelligent man who, by his words and conduct, showed that he understood all of these matters. After demonstrating his knowledge and understanding of the many risks involved in representing himself, Defendant Lincks, nonetheless, unequivocally stated his desire to proceed *pro se*, describing himself as being "100% sure" that he wished to represent himself. Based on the colloquy and the Court's observations of Defendant Lincks, I found Defendant Lincks to have made a knowing, voluntary, and intelligent waiver of the right to be represented by counsel in this case.

Accordingly, citing its directive to provide *representation* for indigent defendants, the Federal Public Defender's Office requested that the Court excuse the Federal Public Defender's Office from further duties in the instant case and instead appoint an attorney from the Criminal Justice Act Panel to serve as stand-by counsel. The Court granted the Federal Public Defender's request, and the Federal Public Defender was excused and relieved of further responsibility in the above-captioned case. By separate order, the Court is appointing stand-by counsel from the CJA Panel.

**DONE AND ORDERED** this 2nd day of September, 2009.

                                                                                                    _____
                                                                                                    ROBIN S. ROSENBAUM
                                                                                                    UNITED STATES MAGISTRATE JUDGE

cc:   Hon. William J. Zloch
       Donald Lincks
       CJA Counsel